**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:                                                                                         Case No. 8:24-bk-00189-CPM
                                                                                                Chapter 13
Melissa Kay Smith

         Debtor.
_____/

### TRUSTEE'S UNFAVORABLE RECOMMENDATION AND OBJECTIONS TO CONFIRMATION OF THE PLAN

TO:  Clerk, United States Bankruptcy Court

1. The Debtor's Petition for Relief to Chapter 13 was filed on January 15, 2024.

2. <u>Trustee's Recommendation to the Court</u>. The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

3. It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

   a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has dedicated all disposable income to the Plan:

   income tax return for 2023;
   pay stubs for November 17, 2023, December 7, 2023 and December 21, 2023 within twenty-one (21) days;
   401k loan payoff statement.

   b. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtor shall timely file all tax returns and make all tax payments and deposits when due.  (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return; including business returns if Debtor owns a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year <u>2023</u>.  Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.  **Debtor shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

4. According to Schedules I and J, it does not appear that the Debtor has sufficient disposable income to fund the proposed Plan as required by 11 U.S.C. §1325(a)(6). An amended budget must be filed.

5. The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has met the best interests of creditors test:

    income tax return for 2023.

6. An Amended Plan must be filed because:

    a. The Debtor proposes to pay $50.00/month toward student loans thereby unfairly discriminating against particular classes of unsecured creditors in violation of 11 U.S.C. §1322(b).

/s/ Michael E. Cecil  
Michael E. Cecil, Esquire  
Florida Bar Number 722855  
Staff Attorney for Chapter 13 Trustee  
P.O. Box 25001  
Bradenton, Florida 34206-5001  
Phone: (941) 747-4644  
Fax: (941) 750-9266  

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Melissa Kay Smith**, Debtor, 6221 Greenleaf Ln., Tampa, FL 33617, **Garrett Friedman, Esquire**, Attorney for Debtor, c/o Recovery Law Group, 4651 Salisbury Rd, Suite 400, Jacksonville, FL 32256 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 22nd day of February 2024.

/s/ Michael E. Cecil  
Michael E. Cecil, Esquire

JMW/MEC/ss